NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**TELIN W. OZIER,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3060

---

Petition for review of the Merit Systems Protection Board in Case No. DC300A090367-I-1.

---

Decided: November 4, 2010

---

TELIN W. OZIER, of Washington, DC, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, LOURIE and MOORE, *Circuit Judges*.

PER CURIAM.

Telin W. Ozier petitions for a review of a final order of the Merit Systems Protection Board (MSPB or Board) dismissing her appeal as untimely and for lack of jurisdiction. Because her appeal was untimely, we *affirm*.

Ms. Ozier, a Senior Trial Attorney for the Department of the Navy, applied in 2007 for the position of Administrative Law Judge (ALJ). During fiscal year 2008, the Social Security Administration (SSA) anticipated hiring a number of ALJs and requested from the Office of Personnel Management (OPM) a list of eligible candidates ("eligibles"). In response, OPM issued to the SSA a certified list of eligibles that included Ms. Ozier. The SSA considered her for three ALJ positions in early 2008, and on April 8, 2008, the SSA notified her that she had not been selected. On April 25, 2008, SSA notified Ms. Ozier that she was also on a second OPM list of eligibles for the ALJ positions. On August 8, 2008, the SSA notified Ms. Ozier that she had not been selected from the second list.

On March 9, 2009, Ms. Ozier appealed her August 8, 2008 nonselection to the MSPB, alleging that the SSA, "with the assistance and knowledge of the [OPM]," used unlawful employment practices from March 2007 to August 2008. Specifically, she alleged that OPM and SSA were "directly involved . . . in the drafting of the structured interview questions . . . designed to [elicit] information intended by SSA to be used to make ALJ selections based on non-merit factors, including but not limited to SSA-specific experience, in violation of 5 C.F.R. § 300.103(c)." Because her appeal was filed over 30 days after SSA notified her of her nonselection, the Board

ordered her to file evidence and argument to show that her appeal was timely filed or that good cause existed for her delay. *Ozier v. Soc. Sec. Admin*, No. DC-300A-09-0367-I-1 (M.S.P.B. March 17, 2009) (Order to Show Cause). The Board also offered Ms. Ozier an opportunity to supplement the record with additional evidence and argument to show that the Board had jurisdiction over her appeal. *Ozier v. Soc. Sec. Admin*, No. DC-300A-09-0367-I-1 (M.S.P.B. March 27, 2009) (Order to Show Cause). After considering Ms. Ozier's submissions, the Board dismissed her appeal as untimely and for lack of jurisdiction. *Ozier v. Soc. Sec. Admin.*, No. DC-300A-09-0367-I-1, 2009 MSPB LEXIS 3442 (M.S.P.B. June 18, 2009) (initial decision); *Ozier v. Soc. Sec. Admin.*, 12 M.S.P.R. 657 (2009) (final decision).

We must affirm a decision by the MSPB, including a refusal to waive a time limit, unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995); *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1581 (Fed. Cir. 1994). Under 5 C.F.R. § 1201.22, an appellant is required to file her appeal "no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." The Board found that because Ms. Ozier's last appealable agency action was her nonselection, notice of which she received on August 8, 2008, her appeal filed March 9, 2009 was seven months late.

Ms. Ozier argues that the time period for filing an appeal alleging a continuing unlawful employment practice

is not triggered by the effective date of the agency's action or the receipt the agency's decision, but instead has no defined period for filing. Ms. Ozier explains that the alleged unlawful employment practice is a process that spanned no less than 18 months and was continuing in nature. Ms. Ozier argues in the alternative that the 30-day period for an appeal for unlawful employment practices should start when the appellant knew or should have known that the unlawful employment practice existed.

We agree with the Board—the appealed agency action triggers the 30-day time period. By statute, Ms. Ozier "may submit an appeal to the Merit Systems Protection Board from any *action* which is appealable to the Board." 5 U.S.C. § 7701(a) (emphasis added). Ms. Ozier is required to file her appeal "no later than 30 days after the effective date, if any, of the *action* being appealed, or 30 days after the date of the appellant's receipt of the agency's *decision*, whichever is later." 5 C.F.R. § 1201.22(b)(1) (emphasis added). Thus, the 30-day time period for Ms. Ozier's appeal begins on August 8, 2008, the date that she was notified of SSA's decision not to select her. Because Ms. Ozier's appeal was filed seven months later, it was not timely filed.

Ms. Ozier further argues that the Board abused its discretion by failing to find that she had demonstrated good cause for delay and not waiving the regulatory 30-day time period for filing her appeal.[1] The Board will

---

[1] Ms. Ozier argues that the Board erred in determining that there was no good cause for waiver of the time limit in this case. She refers to the doctrine of equitable tolling and cites cases dealing with statutory deadlines where equitable tolling principles apply. The instant case, however, presents a regulatory time limit

dismiss an appeal not filed within that time "as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992). To establish good cause, an appellant must show that she exercised due diligence and ordinary prudence in the circumstances of her case. *Walls*, 29 F.3d at 1582; *Alonzo v. Dep't of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board considers such factors as

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Walls*, 29 F.3d at 1582 (quoting *Alonzo*, 4 M.S.P.R. at 184). The Board found that Ms. Ozier failed to show good reason for her untimely appeal. The Board reasoned that Ms. Ozier, a senior trial attorney for the government who had represented the military in numerous cases before the Board, is hardly the typical pro se appellant, and as

that, by regulation, may be waived for good reason. As such, we will apply the good reason criteria of 5 C.F.R. § 1201.22(c).

such, was clearly aware of the regulatory time limits in her case. The Board also found that Ms. Ozier demonstrated that she was aware of the appeal process and the substance of her claim when she filed her complaint with the Department of Labor Veterans Employment and Training Services ("DOL VETS") and appealed that decision to the Board on October 6, 2008. The Board further held that delays caused by attempts to discover a legal basis for an appeal or to find additional evidence do not constitute good reason for waiving a filing deadline. The Board also found that the length of the delay weighed against Ms. Ozier. As such, we see no abuse of discretion in the Board's conclusion that she failed to establish good reason to be entitled to waiver of the regulatory time limit. Because we conclude that her appeal was not timely, we need not reach the other arguments in this case.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board in dismissing Ms. Ozier's appeal.

## AFFIRMED