NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLARENCE RIVERS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1573

---

Petition for review of the Merit Systems Protection Board in No. AT-844E-23-0604-I-1.

---

Decided:  November 7, 2025

---

CLARENCE RIVERS, Orange Park, FL, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, LINN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Clarence Rivers appealed to the Merit Systems Protection Board ("Board") from a reconsideration decision of the Office of Personnel Management ("OPM"). The Board dismissed his appeal as untimely because Mr. Rivers filed his appeal 11 days after the deadline, and the Board determined that there was no good cause for the late filing. We *affirm*.

## BACKGROUND

In April of 2022, Mr. Rivers applied for retirement from his position as a Human Resources Specialist in the Department of the Navy. Mr. Rivers also submitted an application for disability retirement to the Office of Personnel Management ("OPM"), which was denied in a January 25, 2023, initial decision. The initial decision stated that Mr. Rivers did not establish he was disabled within the meaning of the retirement law.

On reconsideration, OPM upheld the initial decision. OPM informed Mr. Rivers of this decision in a June 22, 2023, letter. The letter also informed Mr. Rivers of his right to appeal the decision to the Board and stated "[i]f you wish to exercise this right, please note that an appeal must be filed within 30 calendar days after the date of this decision, or 30 calendar days after receipt of this decision, whichever is later." S. App'x 53.[1]  Mr. Rivers received OPM's letter on June 27, 2023, so his appeal was due on July 27, 2023.

On August 7, 2023—11 days after the deadline— Mr. Rivers appealed the OPM decision to the Board. On August 23, 2023, OPM moved to dismiss the appeal as untimely filed. The Board's regulations provide that an untimely appeal can be excused by a showing of good cause

---

[1]  "S. App'x" refers to the Supplemental Appendix submitted by the Board. Dkt. No. 22.

for the delay.  5 C.F.R. § 1201.22(c).  The administrative judge ordered Mr. Rivers to "file evidence and/or argument showing that good cause exists for the delay in filing" by September 5, 2023.  S. App'x 37–38.  Mr. Rivers did not respond.  On September 6, 2023, the administrative judge dismissed the appeal as untimely.  The deadline for Mr. Rivers to seek review of this decision before the full Board was October 11, 2023.

Mr. Rivers filed a petition for review of the administrative judge's decision to the full Board on November 21, 2023.  Because this too was untimely filed (by 41 days), Mr. Rivers filed a motion to waive or set aside the time limit to file his petition for review.  In these filings, Mr. Rivers presented evidence and argument explaining why both his initial appeal and petition for review were untimely filed.  Mr. Rivers also stated that he did not respond to the administrative judge's timeliness order because the order was sent to the wrong address.

On February 20, 2025, the Board denied Mr. Rivers's petition for review and affirmed the initial decision without reaching the question whether he showed good cause for his untimely petition to the full Board. The Board concluded that Mr. Rivers's appeal of the OPM decision to the Board was untimely filed and that his reasons for the late filing did not establish good cause.

Mr. Rivers timely petitions for review of the Board's decision.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

Whether the Board will waive its own time limit for filing an appeal is a matter committed to the Board's discretion, and "this court will not substitute its own judgment for that of the Board."  *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992).  "On appeal, we will disturb the grant or denial of such a waiver only if it is

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.*

Mr. Rivers does not deny that his appeal was filed after the deadline, but he contends that the Board erred in rejecting his three reasons for the late filing. First, he argued he did not have all of the medical records he needed to submit his appeal packet to the Board until after the deadline to file his appeal. The Board determined that "the appellant's delay in filing the appeal to procure medical evidence documentation does not warrant a waiver of the filing deadline." S. App'x 4. This was in line with previous Board decisions that declined to waive time limits when an appellant decided "to delay filing in hopes of procuring additional evidence." *Fitzhugh v. Off. of Pers. Mgmt.*, 54 M.S.P.R. 522, 524 (M.S.P.B. 1992); *see also Ozier v. Merit Sys. Prot. Bd.*, 400 F. App'x 560, 563 (Fed. Cir. 2010) (holding Board did not abuse its discretion in declining to waive time limits because "delays caused by attempts to discover a legal basis for an appeal or to find additional evidence do not constitute good reason for waiving a filing deadline"). The Board did not abuse its discretion in rejecting Mr. Rivers's medical-records arguments.

Second, Mr. Rivers contended he was unable to contact the Board's Regional Office for assistance in electronically filing his appeal, resulting in delay. The Board did not abuse its discretion in concluding that Mr. Rivers's troubles with electronic filing and interactions with MSPB representatives did not impact his ability to file his appeal by facsimile or mail.

Finally, Mr. Rivers stated he did not receive the administrative judge's timeliness order because it was sent to the wrong address. Even assuming Mr. Rivers did not receive the administrative judge's timeliness order, his substantive rights were not impacted. The Board did not rely upon Mr. Rivers's failure to respond to the administrative

judge's timeliness order as a reason that he did not show good cause.  Rather, the Board considered and rejected Mr. Rivers's good-cause arguments on the merits.

We conclude that the Board did not err in determining that Mr. Rivers's appeal was untimely filed and that he did not establish good cause for the delay.  We have considered Mr. Rivers's remaining arguments and find them unpersuasive.

### AFFIRMED

#### COSTS

No costs.